UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, *Plaintiff,* | : | |
| v. | : | C.A. No.: 06-405ML |
| FULL CHANNEL TV, INC.; MICHAEL MCGONAGLE, also known as MICHAEL DAVIS, individually and in his capacity as manager; and DAVID RASMUSSEN, individually and in his capacity as chief engineer, *Defendants.* | : | |

**ANSWER**

Now comes Defendant, Michael McGonagle, aka Michael Davis ("McGonagle"), and hereby answers Plaintiff's Complaint ("Complaint") as follows:

1. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of that portion of the Complaint entitled, *The Nature of the Action*, and leaves plaintiff to its proof of same.

2. McGonagle makes no response to the claims of jurisdiction and venue set forth in paragraphs 2 and 3 of that portion of the Complaint entitled, *Jurisdiction and Venue*, to the extent that said paragraphs identify plaintiff's claimed jurisdictional basis and, thus, no response is required.

3. McGonagle admits the allegations contained in paragraph 6 of that portion of the Complaint entitled, *Parties*.

4. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 4, 5, and 7 of that portion of the Complaint entitled, *Parties*, and leaves plaintiff to its proof.

5. McGonagle admits the allegations contained in paragraphs 9, 11, 13, and 21 of that portion of the Complaint entitled, *Factual Background.*

6. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 8, 10, 12, 14, 15, 16, 24, 25, and 29 of that portion of the Complaint entitled, *Factual Background*, and leaves plaintiff to its proof.

7. McGonagle admits the allegations contained in paragraph 22 of that portion of the Complaint entitled, *Factual Background*, as to the first sentence. However, McGonagle denies that these charges are pending.

8. McGonagle denies the allegations contained in paragraphs 17, 18, 19, 20, 23, 26, 27, and 28 of that portion of the Complaint entitled, *Factual Background.*

9. As to paragraph 30 of that portion of the Complaint entitled, *Count I: Assistance in Unauthorized Reception of a Communications Service in Violation of 47 U.S.C. § 553 (a) (1)*, McGonagle affirmatively repeats and reasserts the answers provided in answering paragraphs 1-29 of plaintiff's complaint.

10. McGonagle denies the allegations contained in paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 of that portion of the Complaint entitled, *Count I: Assistance in Unauthorized Reception of a Communications Service in Violation of 47 U.S.C. § 553 (a) (1).*

11. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of that portion of the Complaint entitled, *Count I:*

*Assistance in Unauthorized Reception of a Communications Service in Violation of 47 U.S.C. § 553 (a) (1)*, and leaves plaintiff to its proof of same.

12. As to paragraph 42 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island*, McGonagle affirmatively repeats and reasserts the answers provided in answering paragraphs 1-41 of plaintiff's complaint.

13. McGonagle admits the allegations contained in paragraph 43 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island.*

14. McGonagle denies the allegations contained in paragraphs 44, and 45 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island.*

15. As to paragraph 46 of that portion of the Complaint entitled, *Count III: Conversion*, McGonagle affirmatively repeats and reasserts the answers provided in answering paragraphs 1-45 of plaintiff's complaint.

16. McGonagle denies the allegations contained in paragraphs 47, 48, 52, and 53 of that portion of the Complaint entitled, *Count III: Conversion.*

17. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 49, 50 and 51 of that portion of the Complaint entitled, *Count III: Conversion*, and leaves plaintiff to its proof of same.

18. As to paragraph 54 of that portion of the Complaint entitled, *Count IV: Trepass to Chattels*, McGonagle affirmatively repeats and reasserts the answers provided in answering paragraphs 1-53 of plaintiff's complaint.

19. McGonagle denies the allegations contained in paragraphs 55, 56, and 57 of that portion of the Complaint entitled, *Count IV: Trepass to Chattels*.

20. As to paragraph 58 of that portion of the Complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations*, McGonagle affirmatively repeats and reasserts the answers provided in answering paragraphs 1-57 of plaintiff's complaint.

21. McGonagle denies the allegations contained in paragraphs 60, 61, 62, and 63 of that portion of the Complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations*.

22. McGonagle is without sufficient knowledge to either admit or deny the allegations contained in paragraph 59 of that portion of the Complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations*, and leaves plaintiff to its proof of same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against McGonagle are barred because of the plaintiff's alleged injuries of damages, if any, were caused by the intervening and superseding acts or omissions of other parties.

### SECOND AFFIRMATIVE DEFENSE

McGonagle pleads the statute of limitations as a bar to the within Complaint.

### THIRD AFFIRMATIVE DEFENSE

McGonagle pleads the he was an agent acting on behalf of a disclosed principal and is not personally liable to a third party for acts performed within the scope of his authority.

Defendant Michael McGonagle,
By his attorneys,

Anthony DeSisto, Esq. (#) 3146
DeSisto and Feodoroff
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel.: (401) 421-0170
Fax.: (401) 421-0677
desisto@conversent.net

**CERTIFICATION**

I hereby certify that the within document has been filed with the Court on November 21, 2006 and that the within document was also mailed this same day, postage prepaid, to:

Shaun K. Hogan, Esq.
Lefkowitz, Hogan & Cassell, LLP
350 Jericho Turnpike, Suite 100
Jerico, NY 11753

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563