UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM,INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, *Plaintiff* | ] | |
| V. | ] | C.A.No.: 06-405ML |
| FULL CHANNEL TV, INC.; MICHAEL MCGONAGLE, also Known as MICHAEL DAVIS Individually and in his capacity as Manager; and DAVID RASMUSSEN, individually and In his capacity as chief engineer, *Defendants* | ] | |

ANSWER

Now comes the defendant, David Rasmussen, and hereby answers:

1. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint and leaves plaintiff to its proof.

2. The defendant makes no response to the claims of jurisdiction and venue of that portion of paragraphs 2 and 3 of that portion of the complaint entitled. *Jurisdiction and Venue*, to the extent that said paragraphs identify plaintiff's claimed jurisdictional basis and, therefore, no response is required.

3. Defendant admits the allegations contained in paragraph 6 of that portion of the Complaint entitled, *Parties*.

4. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 4, 5 and 7 of that portion of the Complaint entitled, *Parties*, and leaves plaintiff to its proof.

5. Defendant admits the allegations contained in paragraphs 9, 11, 13 and 21 of that portion of the Complaint entitled, *Factual Background.*

6. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs8, 10, 12, 14, 15, 16, 24, 25 and 29 of

that portion of the Complaint entitled, *Factual Background,* and leaves plaintiff to its proof.

7. Defendant admits the allegations contained in paragraph 22 of the Complaint entitled, *Factual Background*, as to the first sentence. However, the defendant denies that these charges are pending.

8. Defendant denies the allegations contained in paragraphs 17, 18, 19, 20, 23, 26, 27 and 28 of that portion of the Complaint entitled, *Factual Background.*

9. As to paragraph 30 of that portion of the Complaint entitled, *Count I: Assistance in Unauthorized Reception of a Communications Service in Violation of 47U.S.C. Section 553(a) (1)* defendant reasserts his answers given in paragraphs 1 through 29 of this answer.

10. Defendant denies the allegations contained in paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41of that portion of the Complaint entitled, *Count I: Assistance in Unauthorized Reception of a Communications Service in Violation of 47U.S.C. Section 553(a) (1).*

11. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of that portion of the plaintiff's complaint entitled, *Count I: Assistance in Unauthorized Reception of a Communications Service in Violation of 47U.S.C. Section 553(a) (1),* and leaves plaintiff to its proof.

12. As to paragraph 42 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island* defendant reasserts his answers given in paragraphs 1 through 41 of this answer.

13. Defendant admits the allegations contained in paragraph 43 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island.*

14. Defendant denies the allegations contained in paragraph 44 and 45 of that portion of the Complaint entitled, *Count II: Theft of Telecommunications Service in Violation of Section 11-35.1-2 of the General Laws of Rhode Island.*

15. As to paragraph 46 of that portion of the Complaint entitled, *Count III: Conversion* defendant reasserts his answers given in paragraphs 1 through 45 of this answer.

16. Defendant denies the allegations contained in paragraph 47, 48, 52 and 53 of that portion of the Complaint entitled, *Count III: Conversion.*

17. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 49, 50 and 51 of that portion of the plaintiff's complaint entitled, , *Count III: Conversion,* and leaves plaintiff to its proof.

18. As to paragraph 54 of that portion of the Complaint entitled, *Count IV: Trespass to Chattels,* defendant reasserts his answers given in paragraphs 1 through 53 of this answer.

19. Defendant denies the allegations contained in paragraphs 55, 56 and 57 of that portion of the Complaint entitled, *Count IV: Trespass to Chattels.*

20. As to paragraph 58 of that portion of the Complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations,* defendant reasserts his answers given in paragraphs 1 through 57 of this answer.

21. Defendant denies the allegations contained in paragraphs 60, 61, 62 and 63 of that portion of the Complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations.*

22. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraphs 59 of that portion of the plaintiff's complaint entitled, *Count V: Intentional Interference with Prospective Contractual Relations,* and leaves plaintiff to its proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant pleads the statute of limitations and laches as a bar to the complaint.

### SECOND AFFIRMATIVE DEFENSE

The defendant, at the time of the allegations asserted by the plaintiff, was an employee of the defendant Full Channel, and all actions taken by the defendant were done as an agent of the employer and within the scope of the defendant's employment. As a result the plaintiff is barred from suing the defendant as an agent of a known principal namely Full Channel.

David Rasmussen, Defendant
By his attorney

*/s/ Mark L. Smith*

Mark L. Smith, Esquire (#0676)
176 Eddie Dowling Highway
North Smithfield, Rhode Island
02895
tel: 401.769.4120
fax: 401-597-0997
lawmls@aol.com

notice to:

**Shaun K. Hogan**
Lefkowitz, Hogan, & Cassell, LLP
350 Jericho Turnpike
Suite 100
Jericho, NY 11753
516-942-4700
Fax: 516-942-4705
Email: skhogan@lefkowitzhogan.com

**Francis S. Holbrook, II**
Miller, Scott and Holbrook
122 Touro Street
Newport, RI 02840
847-7500
Fax: 848-5854
Email: fholbrook@millerscott.com

**Marc DeSisto**
DeSisto Law
211 Angell St.
P.O. Box 2563
Providence, RI 02906-2563
272-4442
Fax: 272-9937
Email: marc@desistolaw.com

**Anthony DeSisto**
DeSisto & Feodoroff
One Turks Head Place
Suite 1010
Providence, RI 02903
421-0170

Fax: 421-0677
Email: desisto@conversent.net

Certification

I hereby Certify that the within answer has been electronically filed with the court on December 15, 2006, and is available for viewing and downloading from the ECF system additionally the answer has been emailed to the above attorneys on the same date.

*/s/ Mark L. Smith*

________________________

Mark L. Smith, Esquire