UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>FULL CHANNEL TV, INC., MICHAEL MCGONAGLE also known as MICHAEL DAVIS, individually and in his capacity as manager and DAVID RASMUSSEN, individually and in his capacity as chief engineer,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-405(ML) |

**COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND PRETRIAL CONFERENCE STATEMENT**

Attorneys for the Plaintiff
LEFKOWITZ, HOGAN & CASSELL, LLP
Shaun K. Hogan
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**Brief Procedural Background**

CoxCom, Inc. d/b/a Cox Communications New England's ("CoxCom") filed the Complaint in this matter on September 11, 2006, against Full Channel TV, Inc. ("Full Channel"), and two of its employees, Michael McGonagle a/k/a Michael Davis ("McGonagle") and David Rasmussen ("Rasmussen"). McGonagle is the manager of Full Channel and Rasmussen is Full Channel's Chief Engineer. All defendants, represented by counsel, have recently filed Answers to the Complaint. All defendants have asserted affirmative defenses, but no defendant has asserted a counterclaim or a cross-claim. Thus, the only claims at issue are CoxCom's claims against the three defendants.

**Factual Background**

In this action, CoxCom seeks damages and injunctive relief pursuant to 47 U.S.C. § 553 and state law for defendants' interception of CoxCom's cable television signal. Though defendants may seek to challenge liability, it cannot be seriously disputed that defendants engaged in the conduct as alleged by CoxCom. Indeed, defendants[1] have already been criminally charged with such conduct in an action entitled State v. McGonagle and Rasmussen, C.A. No. P2/05-1462A & P2/05-1462B (Superior Court R.I.). On October 10, 2006, these charges were resolved by way of both defendants pleading "nolo contendre" to two charges against them relating to theft of CoxCom's telecommunications services.[2]

Specifically, as explained in the Complaint, CoxCom provides cable television services to subscribers in certain parts of Rhode Island. In 2002 and 2003, CoxCom began offering services in Bristol, Warren and Barrington, Rhode Island. Prior to those dates, Full Channel was the only cable television provider in these three towns. The three towns have a relatively large

---

[1] Only defendants McGonagle and Rasmussen were charged in the criminal action. Full Channel, Inc. was not charged in the criminal action.

[2] While Federal Rule of Evidence 410 under certain circumstances may prevent the admission into evidence of "nolo contendre" pleas, CoxCom provides this information to inform the Court of the status of criminal case that was pending when this action was filed.

number of Portuguese residents. In light of this, one of the services that CoxCom provides to its subscribers is a channel known as Portuguese TV 20, which is a television station devoted to Portuguese programming. CoxCom pays Portuguese TV 20 over $3,000 per month to broadcast this channel to its subscribers, as well as an initial cost of approximately $45,000 in order to facilitate reception of Portuguese TV 20. Complaint ¶¶ 9-14.

Full Channel has acknowledged that during the relevant time period it was not authorized to transmit Portuguese TV 20. See Full Channel's Answer ¶ 4. Instead of legally reaching an agreement with Portuguese TV 20 to broadcast the channel, Full Channel elected to simply steal the channel from CoxCom's cable system. This theft was done in two ways. First, at a home of an employee that had both a Full Channel and CoxCom account, defendants used specially-designed equipment to transmit CoxCom's signal for Portuguese TV 20 to Full Channel. Second, Full Channel made an illegal attachment to CoxCom's cable line at a location near Full Channel's head end. After stealing Portuguese TV 20 from CoxCom, defendants then broadcasted the channel to Full Channel's customers. As the manager and chief engineer of Full Channel, McGonagle and Rasmussen directly participated in the unlawful interception of CoxCom's signal, and thus, they were clearly aware of Full Channel's unlawful conduct. Complaint ¶¶ 17-29.

## Legal Issues

CoxCom has asserted statutory claims for theft of telecommunications services pursuant to Federal Law, 47 U.S.C. § 553, and pursuant to State Law, section 11-35.1.3 of the General Laws of Rhode Island. CoxCom also asserted common laws claims based upon conversion, trespass to chattel and intentional interference with prospective contractual relations.

CoxCom anticipates that the legal issues in this action will mainly focus on 47 U.S.C. § 553. This statute specifically prohibits the interception of "any communications service offered

over a cable system." The statute provides that the Court can award actual damages or statutory damages of up to $10,000 for all violations. See 47 U.S.C. § 553(c)(3)(A)(ii). Also, the statute provides that if the Court finds that the party violated the statute "willfully" and "for purposes of commercial advantage or private financial gain," then the Court may award enhanced statutory damages up to $50,000. See 47 U.S.C. § 553(c)(3)(B).

CoxCom submits that defendants' knowing and intentional theft of CoxCom's programming, which was undeniably "willful" and for purposes of the "commercial advantage and/or financial gain" of defendants, easily provides the Court with a sufficient basis to impose the maximum amount of statutory damages allowable, $60,000. Thus, CoxCom will either seek actual damages or $60,000 in statutory damages in this matter.

In addition, 47 U.S.C. § 553 as well as section 11-35.1.3 of the General Laws of Rhode Island provide that the Court may award injunctive relief as well as costs and fees. See 47 U.S.C. § 553(c)(2); Gen. Law. R.I. § 11-35.1.3. CoxCom submits that the evidence of defendants' unlawful conduct will demonstrate that it is entitled to injunctive relief and reimbursement of its costs and attorneys' fees.

Likewise, CoxCom may seek damages pursuant to its state law claims of conversion, trespass to chattel and intentional interference with prospective contractual relations. Thus, legal issues may arise regarding whether or not defendants' conduct was a violation of these common law claims and, if so, the appropriate amount of damages that should be awarded to CoxCom for such violations.

/s/Shaun K. Hogan
Attorneys for the Plaintiff
Shaun K. Hogan
LEFKOWITZ, HOGAN & CASSELL, LLP
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

/s/Francis S. Holbrook
Attorneys for the Plaintiff
Francis S. Holbrook, II (#3412)
MILLER, SCOTT & HOLBROOK
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAD
v.
FULL CHANNEL TV, INC, et al.
C.A. No. 06-405(ML)

## CERTIFICATE OF SERVICE

I, **JANINE P. ZABBIA**, an employee of the firm **LEFKOWITZ, HOGAN & CASSELL, LLP**, attorneys for the Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England ("plaintiff"), in the above-entitled action, hereby certify under penalty of perjury that the within document have been filed with the Court on December 20, 2006 and that I caused a copy of plaintiff's foregoing Pre-trial Conference Statement, to be served on defendant Full Channel TV, Inc., Michael McGonagle also known as Michael Davis, individually and in his capacity as manager and David Rasmussen, individually and in his capacity as chief engineer (hereinafter "defendants"), by causing a true and accurate copy thereof to be placed in separate sealed envelopes via First Class Mail (postage pre-paid) and deposited in an official depository of United States Postal Service on December 20, 2006 addressed to the defendants at the addressees set forth below:

Attorney for Full Channel, TV Inc.
Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
PO Box 2563
Providence, RI 02906-2563

Attorney for Michael McGonagle a/k/a Michael Davis
individually and in his capacity as manager
Anthony DeSisto
DeSisto & Feodoroff
One Turks Head Place
Suite 1010
Providence, RI 02903

Attorney for David Rasmussen, individually and in his
capacity as chief engineer
Mark L. Smith, Esq.
Law Offices of Mark L. Smith
176 Eddie Dowling Hwy., Suite 101
North Smithfield, RI 02896

/s/Janine P. Zabbia
Janine P. Zabbia