UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COX, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>FULL CHANNEL TV, INC., MICHAEL MCGONAGLE also known as MICHAEL DAVIS, individually and in his capacity as manager and DAVID RASMUSSEN, individually and in his capacity as chief engineer,<br><br>Defendants. | : | C.A. No. 06-405 (ML)<br><br>**STIPULATION OF DISMISSAL AND ORDER <u>AS TO DAVID RASMUSSEN</u>** |

**WHEREAS,** plaintiff Cox, Inc. d/b/a Cox Communications New England ("CoxCom" or plaintiff), having instituted this action against the above-referenced defendants, including, David Rasmussen (hereinafter "defendant" or "Rasmussen"), alleging, inter alia, that Rasmussen engaged in the unauthorized interception of CoxCom's signal and services; and,

**WHEREAS**, the parties and their attorneys, if any, having reviewed the complaint and all other filings and communications in this Action and having investigated the plaintiff's claims and the potential defenses and counterclaims with respect thereto, and having voluntarily agreed to the terms of settlement set forth herein and in the separate Settlement Agreement contemporaneously entered into by the parties; it is hereby,

**ORDERED** that,

1. Any and all existing or potential claims alleged or which could have been alleged by and between plaintiff CoxCom and Rasmussen under this action are hereby mutually released

and discontinued with prejudice, with each party bearing its own respective costs and fees subject to the terms of the Settlement Agreement; and

2. Defendant Rasmussen, his agents, affiliates, employees, or persons acting in concert with him or on his behalf, are hereby permanently enjoined and restrained from engaging in the unauthorized reception of the programming, signal or service of plaintiff, or in assisting in any such unauthorized reception, and are hereby permanently enjoined and restrained from connecting to, attaching, splicing into, tampering with or in any way using the cable wiring of plaintiff, or assisting in any such conduct, without plaintiff's authorization; and

3. That jurisdiction is hereby retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time for enforcement of the terms of the settlement agreement, compliance with the foregoing injunction and for punishment of any violations thereof; and

4. This Stipulation and Order may be filed by the Clerk of the Court without further notice.

Dated: Jericho, New York
~~January~~ 5th 2007
February

**LEFKOWITZ, HOGAN & CASSELL, LLP**
Attorneys for the Plaintiff

By: ______________________
**SHAUN K. HOGAN**
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 30, 2007

**MILLER SCOTT & HOLBROOK**
Attorneys for the Plaintiff

By: ______________________
**FRANCIS H. HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

Dated: Providence, Rhode Island
January 31, 2007

LAW OFFICE OF MARK L. SMITH
Attorneys for Defendant Rasmussen

By: ______________________
**MARK L. SMITH**
176 Eddie Dowling Highway, Suite 101
North Smithfield, Rhode Island 02896
(401) 769-4120